T.C. Memo. 2002-242


UNITED STATES TAX COURT


WILLIAM WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14224-01L.            Filed September 25, 2002.


William Wilson, pro se.

<u>Alan J. Tomsic</u> and <u>Robin M. Ferguson</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before

the Court on respondent's Motion For Summary Judgment And To

Impose A Penalty Under I.R.C. Section 6673, as supplemented,

filed pursuant to Rule 121.[1]  Respondent contends that there is

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
                                            (continued...)

no dispute as to any material fact with respect to this levy action, and that respondent's determination to proceed with collection of petitioner's outstanding tax liabilities for 1996 and 1998 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

---

[1](...continued)
are to the Tax Court Rules of Practice and Procedure.

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment, as supplemented.

Background

A. Petitioner's Forms 1040 for 1996 and 1998

On or about March 27, 1997, William Wilson (petitioner) submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1996. On the Form 1040, petitioner listed his filing status as "Married filing separate return" and described his occupation as "Coach Operator".

Petitioner entered zeros on applicable lines of the income portion of the Form 1040, specifically including line 7 for wages, line 22 for total income, and line 31 for adjusted gross income. Petitioner also entered a zero on line 51 for total tax and claimed a refund in the amount of $1,426 reflecting Federal income tax withholding.

On or about April 5, 1999, petitioner submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1998. On the Form 1040, petitioner listed his filing status as "Married filing separate return" and described his occupation as "Coach Operator".

Petitioner entered zeros on applicable lines of the income portion of the Form 1040, specifically including line 7 for

wages, line 22 for total income, and line 33 for adjusted gross income.  Petitioner also entered a zero on line 56 for total tax and claimed a refund in the amount of $198.93 reflecting Federal income tax withholding.

B. Respondent's Deficiency Notices and Petitioner's Response

On February 5, 1999, respondent issued a notice of deficiency to petitioner.  In the notice, respondent determined a deficiency in the amount of $1,924 in petitioner's Federal income tax for 1996 and an accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations in the amount of $100.  The deficiency was based on respondent's determination that petitioner failed to report wage income (as reported to respondent by third-party payors on Forms W-2, Wage and Tax Statement).

By letter dated April 3, 1999, petitioner wrote to the Director of respondent's Service Center in Ogden, Utah, acknowledging receipt of the notice of deficiency dated February 5, 1999, but challenging the Director's authority to issue such notices.

On March 24, 2000, respondent issued a notice of deficiency to petitioner.  In the notice, respondent determined a deficiency in the amount of $2,441 in petitioner's Federal income tax for 1998 and an accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations in the amount of

$448.41. The deficiency was based on respondent's determination that petitioner failed to report wage income (as reported to respondent by a third-party payor on Form W-2).

By letter dated May 29, 2000, petitioner wrote to the Director of respondent's Service Center in Ogden, Utah, acknowledging receipt of the notice of deficiency dated March 24, 2000, but challenging the Director's authority to issue such notices.

Petitioner knew that he had the right to contest respondent's deficiency determinations by filing a petition for redetermination with this Court.[2] However, petitioner chose not to do so. Accordingly, on August 9, 1999, and August 14, 2000, respondent assessed the determined deficiencies and accuracy-related penalties, as well as statutory interest, for the taxable years 1996 and 1998, respectively. On August 9, 1999, respondent sent petitioner a notice of balance due, informing petitioner that he had a liability for 1996 and requesting that he pay it. Petitioner failed to do so. On August 14, 2000, respondent sent petitioner a notice of balance due, informing petitioner that he had a liability for 1998 and requesting that he pay it. Petitioner failed to do so.

---

[2] Petitioner acknowledged his right to file a petition with this Court in his letters dated Apr. 3, 1999, and May 29, 2000.

C. Respondent's Final Notice and Petitioner's Response

On March 8, 2001, respondent sent petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (the Final Notice). The Final Notice, issued in respect of petitioner's outstanding tax liabilities for 1996 and 1998, was signed by Scott Kilpatrick, identified as the Chief of the Automated Collection Branch in Ogden, Utah. On March 16, 2001, petitioner submitted to respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioner's request stated that he was challenging the validity of the assessments for 1996 and 1998 on the grounds there is no statute imposing tax liability upon him and he was not served with a valid notice and demand for payment.

D. The Appeals Office Hearing

On October 9, 2001, Appeals Officers Tony Aguiar and Julie Peterson (the Appeals officers) conducted an Appeals Office hearing that petitioner attended. According to a purported transcript of the hearing prepared by petitioner, the Appeals officers provided petitioner with Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, with regard to petitioner's accounts for the years 1996 and 1998. Copies of the Forms 4340, dated September 4, 2001, are attached to the petition that petitioner filed with the Court. During the hearing, petitioner declined to discuss collection alternatives.

Rather, petitioner stated that he wished to challenge his underlying tax liabilities, and he requested that the Appeals officers provide verification that all applicable laws and administrative procedures were followed in the assessment and collection process.

E.  Respondent's Notice of Determination

On December 6, 2001, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The notice stated that the Appeals Office had determined that it was appropriate for respondent to proceed with the collection of petitioner's outstanding tax liabilities for 1996 and 1998.

F.  Petitioner's Petition

On December 26, 2001, petitioner filed with the Court a petition for lien or levy action seeking review of respondent's notice of determination.[3]  The petition includes allegations that:  (1) The Appeals officers failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) petitioner never received a notice and demand for payment or valid notice of deficiency; and (3) the Final

---

[3]  At the time that the petition was filed, petitioner resided in Las Vegas, Nevada.

Notice--Notice of Intent to Levy is invalid because it was not signed by the Secretary.

     G.   Respondent's Motion for Summary Judgment

As indicated, respondent filed a Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673 asserting that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law.  In particular, respondent contends that because petitioner received the notices of deficiency dated February 5, 1999, and March 24, 2000, he cannot challenge the existence or amount of his underlying tax liabilities for 1996 and 1998 in this proceeding.  Respondent further contends that the Appeals officers' review of Forms 4340 with regard to petitioner's accounts for 1996 and 1998 satisfied the verification requirement imposed under section 6330(c)(1) and demonstrates that petitioner was issued a notice and demand for payment for both of the years in question.  Finally, respondent contends that petitioner's behavior warrants the imposition of a penalty under section 6673.

Petitioner filed an objection to respondent's motion. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C. After the hearing, respondent filed a supplement to his motion for summary judgment addressing petitioner's challenge to the validity of the Final Notice--Notice of Intent to Levy.

Petitioner filed a reply to the supplement to motion for summary judgment.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property.  Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing.  In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of

collection.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A.  Summary Judgment

Petitioner challenges the assessments made against him on the ground that the notices of deficiency issued to him are invalid.  However, the record shows that petitioner received the notices of deficiency and disregarded the opportunity to file a petition for redetermination with this Court.  See sec. 6213(a). It follows that section 6330(c)(2)(B) generally bars petitioner from challenging the existence or amount of his underlying tax liabilities in this collection review proceeding.

Even if petitioner were permitted to challenge the validity of the notices of deficiency, petitioner's argument that the notices are invalid because respondent's Service Center director is not properly authorized to issue notices of deficiency is frivolous and groundless.  See Nestor v. Commissioner, 118 T.C. 162, 165 (2002); Goza v. Commissioner, supra.  Further, as the

Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

We likewise reject petitioner's argument that the Appeals officers failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). The record shows that the Appeals officers obtained and reviewed Forms 4340 with regard to petitioner's accounts for taxable years 1996 and 1998.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53;

Kuglin v. Commissioner, T.C. Memo. 2002-51.  In this regard, we observe that the Forms 4340 on which the Appeals officers relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs.  See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the Forms 4340.  See Davis v. Commissioner, supra at 41; Mann v. Commissioner, T.C. Memo. 2002-48.  Accordingly, we hold that the Appeals officers satisfied the verification requirement of section 6330(c)(1).  Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioner also contends that he never received a valid notice and demand for payment of the taxes in question.  The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. * * *

The Forms 4340 that the Appeals officers relied on during the

administrative process show that respondent sent petitioner notices of balance due on the same dates that respondent made assessments against petitioner for the taxes and accuracy-related penalties determined in the notices of deficiency.  A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a).  See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, supra; see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993).

Petitioner also challenges the validity of the Final Notice on the ground that it was not signed by the Secretary.  As previously mentioned, the Final Notice was signed by Scott Kilpatrick, identified as the Chief of the Automated Collection Branch Ogden, Utah.

Respondent contends that petitioner did not challenge the validity of the Final Notice during the administrative process, and the Court should not permit petitioner to argue the point now.  See Magana v. Commissioner, 118 T.C. 488 (2002).  In the alternative, respondent contends that the Chief of the Automated Collection Branch was duly authorized to execute and issue the Final Notice.

There is no indication in the record that petitioner challenged the validity of the Final Notice during the administrative process.  However, even assuming arguendo that the

issue was properly raised, the record shows that the Final Notice is valid. The Secretary or his delegate (including the Commissioner) may issue a final notice of intent to levy. Secs. 6330(a), 7701(a)(11)(B) and (12)(A)(i), 7803(a)(2). Section 301.6330-1(a)(1), Proced. and Admin. Regs., 67 Fed. Reg. 2551 (Jan. 18, 2002), provides in pertinent part:

> (a) Notification–(1) In general. Except as specified in paragraph (a)(2) of this section, the Commissioner, or his or her delegate (the Commissioner), will prescribe procedures to provide persons upon whose property or rights to property the IRS intends to levy * * * on or after January 19, 1999, notice of that intention and to give them the right to, and the opportunity for, a pre-levy Collection Due Process (CDP) hearing with the Internal Revenue Service (IRS) Office of Appeals (Appeals). * * *

The Commissioner's authority to levy on property or rights to property was delegated to Automated Collection Branch Chiefs pursuant to Delegation Order No. 191 (Rev. 2), effective October 1, 1999. Internal Revenue Manual, sec. 1.2.104, 102 (Nov. 24, 1999). Consistent with this delegation of authority, the Final Notice in this case, which was executed by Chief of the Automated Collection Branch in Ogden, Utah, is valid.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). Under the circumstances, we conclude that respondent is entitled to

judgment as a matter of law sustaining the notice of determination dated December 6, 2001.

### B. Imposition of a Penalty Under Section 6673

We turn now to that part of respondent's motion that moves for the imposition of a penalty on petitioner under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The Court has indicated its willingness to impose such penalty in lien and levy cases, Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000).

We shall deny that part of respondent's motion that requests the imposition of a penalty pursuant to section 6673(a)(1). Nevertheless, we shall take this opportunity to admonish petitioner that the Court will seriously consider imposing such a penalty should he return to the Court and advance similar arguments in the future.

In order to give effect to the foregoing,

> An appropriate order granting respondent's motion in part and denying respondent's motion in part and decision for respondent will be entered.